FILED
MAY 19 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

ANTONIO J. TOWNSEND,

    Petitioner,

v.    Case No. 2:10cv416

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that the petition shall be deemed amended to substitute Harold W. Clarke, Director of the Virginia Department of Corrections, as sole respondent.[1] See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (following 28 U.S.C. § 2254).

---

[1] Harold W. Clarke replaced Gene M. Johnson as Director of the Virginia Department of Corrections on October 8, 2010.

1

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Antonio J. Townsend was convicted of robbery and malicious wounding on October 16, 1998. On February 11, 1999 Townsend was sentenced to life in prison plus a term of twenty years. Townsend did not appeal his conviction or sentence.

On January 26, 2000, Townsend filed a state petition for a writ of habeas corpus with the Supreme Court of Virginia. This initial state petition was dismissed on August 17, 2000.

On April 29, 2001, Townsend filed a second state petition for writ of habeas corpus with the Supreme Court of Virginia. This second state petition was dismissed on June 26, 2001.

On August 2, 2001, Townsend filed a federal petition for a writ of habeas corpus with this Court, docketed as <u>Townsend v. Angelone</u>, Case No. 2:01cv637. On August 20, 2001, Townsend's first federal habeas petition was dismissed with prejudice on the ground that his claims were barred by the statute of limitations. Townsend appealed this decision to the United States Court of Appeals for the Fourth Circuit, which dismissed his appeal on January 9, 2003. Townsend petitioned the United States Supreme Court for a writ of certiorari, which was denied on May 5, 2003.

On July 15, 2004, Townsend filed a second federal petition for a writ of habeas corpus with this Court, docketed as <u>Townsend v. Warden</u>, Case No. 2:04cv421. On July 22, 2004, this second federal

habeas petition was dismissed without prejudice for lack of jurisdiction due to the petitioner's failure to first obtain an order of authorization from the appropriate court of appeals, as required by 28 U.S.C. § 2244(b)(3). Townsend did not appeal this decision, nor did he subsequently re-file with an order of authorization from the Fourth Circuit.

On August 24, 2010, Townsend filed the instant federal petition for writ of habeas corpus, original docketed as <u>Townsend v. Johnson</u>, Case No. 2:10cv416. ECF No. 1. Townsend's petition was not accompanied by an order of authorization from the United States Court of Appeals for the Fourth Circuit. On September 30, 2010, the respondent filed an answer and motion to dismiss the petition, addressing the petition on its merits. ECF Nos. 5, 6. On October 18, 2010, Townsend filed a response in opposition to the respondent's motion to dismiss. ECF No. 9.

### B. **Grounds Alleged**

Construed liberally, Townsend's <u>pro se</u> habeas petition alleges two grounds for relief. First, Townsend argues that the Virginia Department of Corrections has violated his due process rights under the Fourteenth Amendment by failing to apply Earned Sentence Credits (ESCs) to reduce his life sentence pursuant to Va. Code § 53.1-202.2. Second, Townsend contends that this same statute constitutes an "implied quasi-bilateral contract" in which the Commonwealth of Virginia has agreed to award Townsend ESCs in

3

exchange for his maintaining good behavior, and that the Department's failure to apply ESCs to reduce his life sentence violates the Contract Clause (U.S. Const. art. I, § 10 cl. 1) and Ex Post Facto Clause (id. art I, § 9 cl. 3.) of the United States Constitution.[2]

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court does not reach the merits of the petition because the Court FINDS that it lacks proper subject matter jurisdiction, as the petition is a second or successive federal habeas application, filed without first obtaining an order of authorization from the United States Court of Appeals for the Fourth Circuit, as required by 28 U.S.C. § 2244. This statute provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). The Fourth Circuit has previously considered this statute and held that, in the absence of such prior authorization, a district court lacks subject matter jurisdiction to consider the successive application and therefore must dismiss

---

[2] The Court notes that the petition also alleges violations of the Virginia Contract Clause (Va. Const. art. I, § 11) and the Virginia Ex Post Facto Clause (id. art. I, § 9). These state claims, however, are not cognizable in a federal habeas proceeding, as only violations of the federal constitution, laws and treaties can form the basis of a petition for a federal writ of habeas corpus. See 28 U.S.C. § 2254(a).

4

it. See Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000). Although neither party has raised this issue in their briefs, as a jurisdictional matter, the Court is obliged to address, sua sponte, whether the petition is a second or successive petition for the purposes of § 2244. See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

The petitioner's current ESC-related claims were not raised in any of his prior petitions, but the instant federal petition nevertheless must be dismissed as an unauthorized second or successive habeas corpus application unless "the factual predicate for the claim[s] could not have been discovered previously through the exercise of due diligence." See 28 U.S.C. § 2244(b)(2)(B)(i). Townsend executed and mailed his first federal habeas petition on August 2, 2001. Accordingly, the Court must determine whether the factual predicate for the petitioner's current claims was known or could have been discovered through the exercise of due diligence as of that date. If so, the instant petition is an unauthorized successive application and must be dismissed for lack of jurisdiction.

### A. Virginia Code § 53.1-202.2

Townsend knew the factual predicate for his current claims, or could have discovered it through the exercise of due diligence, at the time when he filed his first federal habeas petition on August 2, 2001. The statute governing a Virginia prison inmate's

5

eligibility for earning ESCs is Section 53.1-202.2 of the Virginia Code, which provides that:

> Every person who is convicted of a felony offense committed on or after January 1, 1995, and who is sentenced to serve a term of incarceration in a state or local correctional facility shall be eligible to earn sentence credits in the manner prescribed by this article. Such eligibility shall commence upon the person's incarceration in any correctional facility following entry of a final order of conviction by the committing court.

Va. Code § 53.1-202.2(A).[3] As recognized by our sister court,

> [b]y its express terms, [this statute] provides that only a "person who . . . is <u>sentenced to serve a term of incarceration</u> in a state or local correctional facility shall be <u>eligible</u> to earn sentence credits in the manner prescribed by this article" . . . . Thus, under this section, an inmate serving a life sentence rather than a set term of confinement is not "eligible" to earn ESC.

Johnson v. Johnson, No. 7:09cv00207, 2009 WL 2337994, at *3 (W.D. Va. July 27, 2009) (emphasis in original).

Townsend is "presumptively charged with knowledge of the law," Atkins v. Parker, 472 U.S. 115, 130 (1985), and therefore, at the time when he filed his first federal habeas petition, Townsend knew or could have discovered through the exercise of due diligence that, by operation of law, he was not eligible to accrue ESCs to reduce his life sentence. See Smith v. Johnson, No. 7:08cv00514,

---

[3] This language was adopted as Va. Code § 53.1-202.2 in 1994. The statute was amended in 2008 to add § 53.1-202.2(B), which established a separate ESC system for juvenile offenders. The original statute was thereafter marked as subsection (A), but the applicable statutory language has not been modified since its original adoption in 1994.

6

2008 WL 4960436, at *2 (W.D. Va. Nov. 19, 2008) (finding that petitioner "could have discovered his ineligibility for early release with due diligence when his period of incarceration began").

### B. Legal Update Sheets

At the time when he filed his first federal habeas petition on August 2, 2001, Townsend also knew or could have discovered through the exercise of due diligence that ESCs would not be counted towards his life sentence based on his prior receipt of annual legal update sheets. Shortly after beginning his period of incarceration in 1999, Townsend was provided with an initial legal update sheet dated May 11, 1999. See Pet. for Writ of Habeas Corpus Ex. A, Townsend v. Dir. of Dep't of Corr., Record No. 100017 (Va. Jan. 5, 2010), ECF No. 7 attach. 2, at 8. This report indicated that Townsend was sentenced to life, and it expressly noted that he was not eligible for "good time release." Id. Legal update sheets containing the same information were prepared on an annual basis. See id., ECF No. 7 attach. 2, at 10 (May 19, 2000), 12 (May 29, 2001). An additional, interim legal update sheet was prepared when Townsend apparently committed a disciplinary infraction. See id., ECF No. 7 attach. 2, at 11 (Mar. 22, 2001).

Townsend contends that these legal update sheets were not provided to him contemporaneously. Instead, Townsend alleges that he received his first legal update sheet in April 2009, ten years

after he was first incarcerated. Mem. in Supp. of Pet. 2, ECF No. 1 attach. 1. But even if this were true, Townsend still could have discovered this information through the exercise of due diligence prior to the filing date of his first federal habeas petition by simply requesting that prison officials furnish him with a copy of one or more of his legal update sheets. See Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003) (due diligence would have revealed that good conduct credits were rescinded by operation of law on the date when petitioner's parole revocation became final); King v. Johnson, No. 7:09cv00510, 2010 WL 1640163, at *2 (W.D. Va. Apr. 22, 2010) (due diligence would have revealed factual predicate for claim on the date when legal update sheet reporting prospective good-time release date was issued); cf. Silk v. Johnson, No. 3:08cv271, 2009 WL 742552, *3 (E.D. Va. Mar. 20, 2009) (petitioner failed to show that information regarding good-time credits was "not reasonably available" during state habeas limitations period where legal update sheet had been issued during relevant time period and petitioner failed to explain why he couldn't have obtained it earlier). Indeed, Townsend acknowledges that, upon learning of his ineligibility in April 2009, he requested and was provided with copies of all previously issued legal update sheets. Mem. in Supp. of Pet. 2, ECF No. 7 attach. 1. Townsend provides no explanation why he could not have obtained copies of his May 1999, May 2000, March 2001, or May 2001 legal update sheets, each of

which reveals the factual predicate of his current federal habeas petition, prior to filing his first federal habeas petition on August 2, 2001.

### III. CONCLUSION

The Court FINDS that Townsend knew or could have discovered the factual predicate for his current claims through the exercise of due diligence prior to filing his first federal petition for a writ of habeas corpus on August 2, 2001. In particular, the Court FINDS that Townsend knew or could have been discovered his ineligibility for early release through the exercise of due diligence: (a) when his period of incarceration began in 1999 because, having been sentenced to life in prison, he was ineligible by operation of law; or (b) when he received, or could have obtained upon request, legal update sheets prepared in May 1999, May 2000, March 2001, and May 2001, each of which expressly notes that he was ineligible for early release. Because the factual predicate of his current claims was known or could have been discovered through the exercise of due diligence prior to filing his first federal habeas petition, the instant federal habeas petition is a second or successive application for which pre-authorization by the appropriate court of appeals is required. No such order of authorization having been obtained from the Fourth Circuit, this Court lacks subject matter jurisdiction in this matter and the instant petition therefore must be dismissed. See

Evans, 220 F.3d at 325. Accordingly, the Court recommends that the instant petition be DISMISSED WITHOUT PREJUDICE.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends, sua sponte, that the instant petition for a writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, and that the respondent's motion to dismiss (ECF No. 6) therefore be DENIED as MOOT.

## V. REVIEW PROCEDURE

By copy of this report, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or

10

recommendations to which objection is made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ C. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
May 19, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing United States Magistrate Judge's Report and Recommendation was mailed this date to the following:

Antonio J. Townsend, #1180806
Sussex II State Prison
24427 Musselwhite Drive
Waverly, VA 23891

Mark R. Davis
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

May 19, 2011