```
                                                          FILED
          UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF VIRGINIA              JUL -1 2011
                 Norfolk Division

ANTONIO J. TOWNSEND, #1180806,

       Petitioner,

v.                                        Case No.: 2:10cv416

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

       Respondent.
```

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to the petitioner's conviction in the Circuit Court of Accomack County, Virginia, of robbery and malicious wounding, as a result of which he was sentenced to life in prison plus a term of twenty years.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on May 19, 2011, recommending that the petition be denied and dismissed on jurisdictional grounds. ECF No. 10. By copy of the report, each party was

advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On June 1, 2011, the Court received and filed the petitioner's written objections. ECF No. 11. The respondent filed no response to the petitioner's objections.

First, the petitioner objects to the magistrate judge's construing his petition to allege a violation of his due process rights under the Fourteenth Amendment, as well as violation of the Contract Clause and the Ex Post Facto Clause of the United States Constitution. Cognizant of the Court's obligation to construe this <u>pro se</u> petition liberally, <u>see</u> <u>Sas v. Maryland</u>, 334 F.2d 506, 517 (4th Cir. 1964), the magistrate judge simply recognized an additional potential legal basis for the petitioner's habeas claims, based on the facts alleged in the petition. This was in addition to, not instead of, the Contract Clause and Ex Post Facto Clause claims clearly stated in the petition. In any event, the legal basis for the petitioner's habeas claims is immaterial in light of the magistrate judge's recommendation that this petition be dismissed without prejudice for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b), which requires dismissal in the absence of an order by the Fourth Circuit authorizing this Court to consider a second or successive habeas application. <u>See</u> <u>Evans v. Smith</u>, 220 F.3d

2

306, 325 (4th Cir. 2000). Accordingly, the petitioner's objection with respect to the magistrate judge's liberal construction of the petitioner's habeas claims to include an alleged due process violation is OVERRULED.

Second, the petitioner objects to the magistrate judge's finding that the factual predicate for his claims could have been discovered through the exercise of due diligence prior to filing his first federal habeas petition in August 2001. The petitioner advances a creative argument, without any support, that the violation of his constitutional rights occurred on a recurring, annual basis each time an annual review was conducted and he was denied ESCs for the corresponding one-year period. But this argument presumes an annual review in which prison officials possessed discretionary authority to consider and award (or deny) ESCs to the petitioner. As the magistrate judge's report makes clear, under Virginia Code § 53.1-202.2, the petitioner was never eligible to earn ESCs in the first place due to his life sentence, and he knew or could have discovered this factual predicate for his claims through the exercise of due diligence prior to filing his first habeas petition. Accordingly, the petitioner's objection with respect to the magistrate judge's finding that the factual predicate for his claims could have been discovered through the exercise of

due diligence prior to filing his first federal habeas petition in August 2001 is OVERRULED.

The remainder of the petitioner's written objections simply reiterate facts and arguments on the merits of his claims, without addressing the jurisdictional bar to this Court's consideration of a second or successive habeas application without an order from the Fourth Circuit authorizing it to do so. Accordingly, the petitioner's remaining objections are OVERRULED.

The Court, having reviewed the record, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on May 19, 2011 (ECF No. 10), and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED WITHOUT PREJUDICE for the reasons stated in the report. Adopting the recommendations in the magistrate judge's report, it is ORDERED that the respondent's Motion to Dismiss (ECF No. 6) be DENIED as MOOT. It is further ORDERED that judgment be entered in favor of the respondent.

The petitioner may appeal from the judgment entered pursuant to this <u>final order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30)

4

days from the date of entry of such judgment. The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to the petitioner and to counsel of record for the respondent.

/s/ Robert G. Doumar
Senior United States District Judge

_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 1, 2011